JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

BASTAN FALSAFI,

    Plaintiff,

  v.

HOUSE OF IMPORTS, INC., AUTONATION INC., and DOES 1 through 50, inclusive,

    Defendants.

Case No.: SACV 21-00901-CJC(DFMx)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO ORANGE COUNTY SUPERIOR COURT [Dkt. 10]**

## I. INTRODUCTION & BACKGROUND

Plaintiff Bastan Falsafi brings this action against Defendants House of Imports, Inc., Autonation, Inc., and unnamed Does. (Dkt. 1 Ex. A [Complaint].) Plaintiff filed his initial complaint in Orange County Superior Court on January 15, 2021 and Defendants

were served with the Summons and Complaint in February 2021. (Dkt. 1 [Notice of Removal, hereinafter "NOR"] ¶¶ 1–2.) Defendants removed the case to this Court on May 14, 2021. Plaintiff now moves to remand the case to Orange County Superior Court. (Dkt. 10 [hereinafter "Mot."].) For the following reasons, Plaintiff's motion to remand is **GRANTED**.[1]

## II. DISCUSSION

Plaintiff moves to remand the case to Orange County Superior Court, arguing that Defendants' removal was untimely. (*See* Mot.) Defendants argue that their untimely removal is justified on two grounds: (1) Plaintiff's dismissal of his state law claims revived the right to remove and (2) the 28 U.S.C. § 1446(c) bad faith exception applies. The Court disagrees and finds neither justification applies in this case. (Dkt. 11 [Defendants' Opposition, hereinafter "Opp."].)

A defendant may remove a civil action filed in state court to a federal district court when the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. The removal statute is strictly construed "against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quotations omitted).

As a general matter, 28 U.S.C. § 1446(b) requires that a notice of removal must be filed within thirty days of receipt of the complaint, or else the served defendants waive

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for July 12, 2021, at 1:30 p.m. is hereby vacated and off calendar.

their right of removal. See *Cantrell v Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989). "If a case is removable from the outset, it must be removed within the initial thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.'" *Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989).

Here, Defendants filed their notice of removal over 3 months after being served with the Summons and Complaint, well after the thirty-day period expired. (*See* NOR.) Defendants first argue that Plaintiff's voluntary dismissal of his state law claims revived their ability to remove the case. There is a narrow, judicially-created exception which holds that a right to removal may be revived "where the plaintiff files an amended complaint that so changes the nature of [the] action as to constitute 'substantially a new suit begun that day.'" *Id.* (quoting *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Assoc.*, 668 F.2d 962, 965 (7th Cir. 1982)). Plaintiff's amended complaint in this case did not so change the nature of the action as to constitute "a substantially new suit." *Id.* Plaintiff's amended complaint did not add any new claims but dropped his state law claims, leaving only federal claims under the Sarbanes-Oxley Act and the Consumer Financial Protection Act. Because the federal claims existed from the start of the lawsuit, it was "removable from the outset" and Defendants were required to remove it within the initial thirty-day period. *See id.*

Defendants also argue that the 28 U.S.C. § 1446(c) bad faith exception applies. 28 U.S.C. § 1446(c)(1) permits an extension of when a case may be removed if the Court "finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Defendants fail to show that any of Plaintiffs actions were made in bad faith or were made to prevent Defendants from removing the case. As previously stated, a known basis for removal existed at the outset of this case due to Plaintiff's federal claims. Plaintiff's failure to stipulate to arbitration did not prevent Defendants

from timely noticing removal. Defendants could have easily removed the case within the initial thirty-day period and then moved to compel arbitration. They did not. Accordingly, the bad faith exception does not apply.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED** and the Court **REMANDS** this case to Orange County Superior Court.

DATED: June 24, 2021

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE